## In re NETWORK ACCESS SOLUTIONS CORPORATION, Debtor.

The Official Committee of Unsecured Creditors of the Bankruptcy Estates of Network Access Solutions Corporation and NASOP, Inc., Plaintiff,

v.

Juniper Communications, Inc., Defendant.

Bankruptcy No. 02–11611 (MFW).
Adversary No. A 04–53835(PBL).

United States Bankruptcy Court, D. Delaware.

Feb. 18, 2005.

Hal L. Baume, Fox Rothschild LLP, Lawrenceville, NJ, for Debtor.

### MEMORANDUM OPINION [1]

PAUL B. LINDSEY, Bankruptcy Judge.

The matter before the Court is the Motion for Summary Judgment as to Defendant's Liability under Count I of Complaint and as to Defendant's Ordinary Course, Contemporaneous Exchange for New Value, and Res Judicata Defenses ("the Motion") filed on January 5, 2005 by the Official Committee of Unsecured Creditors of Network Access Solutions Corporation and NASOP, Inc., Plaintiff in the above-captioned adversary proceeding (hereinafter referred to as "Plaintiff"). Upon consideration of the Motion and the supporting exhibits; and the Opposition of Juniper Communications, Inc. and the supporting affidavits attached thereto, the Motion for Summary Judgment will be granted in part, and denied in part.

### I. Background

This adversary proceeding was filed on June 2, 2004 by Plaintiff, to avoid and recover three allegedly preferential transfers made by the Debtors to Juniper Communications, Inc. (hereinafter referred to as "Defendant") in the amount of $65,660.56. Defendant filed its answer on July 23, 2004 denying that the alleged transfers were avoidable and Plaintiff was therefore not entitled to recover them.

Pursuant to the General Order RE: Procedures in Adversary Proceedings, promulgated April 7, 2004 by Chief Judge Mary F. Walrath, the parties engaged in mandatory mediation on December 15, 2004, which proved to be unsuccessful in resolving this dispute. Trial in this proceeding is currently scheduled for February 23, 2005.

### II. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and it is a core proceeding under 28 U.S.C. § 157(b)(2), (A), (F), and (O). Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1409.

### III. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(c), made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056, provides that summary

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See also, Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, all factual inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). After sufficient proof has been presented to support the motion, the burden shifts to the non-moving party to show that genuine issues of material fact still exist and that summary judgment is not appropriate. *Matsushita* at 587, 106 S.Ct. 1348. A genuine issue of material fact is present when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## IV. *Discussion*

■ Plaintiff asserts in its Motion for Summary Judgment that it is entitled to avoid and recover pursuant to §§ 547(b) and 550,[2] certain transfers made during the preference period[3] to Defendant. In order to be entitled to summary judgment under § 547(b), Plaintiff must prove by a preponderance of the evidence each element:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Plaintiff first argues that the transfers were interests in property of the Debtor. As evidenced by check number 34483 for $19,233.05, check number 34598 for $15,127.13, and check number 1547024 for $31,300.38, the transfers were payments of money from Debtor's account at Bank of America and made payable to Defendant. Plaintiff then contends that the transfers were to and for the benefit of Defendant because the checks were made payable to Juniper Communications, Inc. and Defendant was a creditor of Debtors.

---

**2.** 11 U.S.C. §§ 101 et seq. Hereafter, references to statutory provisions by section number only will be to provisions of the Bankruptcy Code, unless the context requires otherwise.

**3.** Debtors' bankruptcy petitions were each filed on June 4, 2002; hence, the preference period is March 6, 2002 through June 3, 2002.

Plaintiff asserts, and Defendant admits, that the checks were transferred to satisfy debts incurred prior to the Plaintiff's bankruptcy petition and were, therefore, on account of an antecedent debt. Plaintiff further contends that Debtors were insolvent throughout the preference period and are entitled to the statutory presumption of insolvency under § 547(f).[4] Defendant has not contested nor put forth any evidence to rebut the presumption of insolvency. Lastly, Plaintiff maintains that the transfers enabled Defendant to receive more than it would have received under a hypothetical Chapter 7 case. Plaintiff points to the Debtors' Plan of Reorganization, which contemplates that the distribution on allowed unsecured claims will not exceed 5.55% of the allowed claims.

Notably, Defendant has not contested the elements of § 547(b), but rather opposes Plaintiff's Motion for Summary Judgment on the grounds that Plaintiff cannot avoid the transfers at issue because they are subject to certain affirmative defenses, such as, the ordinary course of business, new value, and res judicata defenses. Defendant argues there is a genuine issue of material fact whether the transfers are avoidable pursuant to § 547(c), and accordingly, urges that Plaintiff's Motion should be denied.

## V. *Decision*

**THE COURT FINDS** there are no genuine issues of material fact that the three transfers made to Defendant are avoidable preferences under § 547(b) of the Bankruptcy Code.

■ **THE COURT FURTHER FINDS** that there remain genuine issues of material fact as to whether the transfers are

subject to the affirmative defenses asserted by Defendant.

Therefore, the Plaintiff's Motion for Summary Judgment will be granted in part, as to the elements of § 547(b), and denied in all other respects.

---

4. Section 547(f) states in material part, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."